**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISAIAH MICAH McCLINTON, | No.  2:25-cv-2946-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

///

1

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) California Department of Corrections and Rehabilitation (CDCR), (2) P.A.R.C., (3) GHD Group PTY LTD, (4) Jefferey Macomber, Secretary of CDCR, (5) John Spain, (6) Jim McKall, (7) Gigi Matteson, warden at California State Prison Solano, (8) Michael Felder, CEO of California State Prison Solano, (9) Jack Roll, CS2 Inmate Day Labor IDL, and (10) Cody Glen. See ECF No. 1, pgs. 1-1a. Plaintiff presents three claims for relief.

In his first claim, which Plaintiff says arises under the Eighth Amendment, Plaintiff describes Defendants Roll, Glen, McKall, Spain, Macomber, Felder, and Matteson as knowing that certain "buildings/settings contained 'hot' hazardous materials in excess of legal limits." Id. at 3. Plaintiff charges that he was "made to participate unknowingly in 'abatement' work without any . . . personal protective equipment or any protection in accordance with CAL OSHA or any other regulatory safety standards." Id. Plaintiff offers that Defendant Glen and Defendant Roll had knowledge per the following: Roll—Glen's boss—instructed Glen to cease all communications with Plaintiff after Glen showed Plaintiff documents including field test reports. See id. These field tests reports were generated by Defendant G.H.D., a third party

responsible for conducting tests on hot materials. According to Plaintiff, Defendant G.H.D. and Defendant P.A.R.C. had knowledge of the hot materials. See id.

In Plaintiff's second claim, which he characterizes as arising under the Fourteenth Amendment, Plaintiff explains that Defendant G.H.D. and Defendant P.A.R.C. were subcontractors with Defendant CDCR. See id. at 4. Plaintiff describes Defendant G.H.D. and Defendant P.A.R.C. forcing inmates to participate in abatement work without personal protective equipment regardless of tests indicating hot materials. See id. Plaintiff alleges that while working five eight-hour shifts each week daily threats were made to himself, other prisoners, and the surrounding public. See id. Plaintiff claims existence of contamination in the air, oil, and water supply. See id.

Plaintiff alleges a third claim arises under the Eighth Amendment and asserts that Defendant CDCR did not provide adequate medical care. See id. at 5. Plaintiff explains the lack of care followed exposure and contact with hazardous materials from lack of personal protective equipment and training. See id.

## II. DISCUSSION

The Court finds that Plaintiff has asserted a cognizable Eighth Amendment safety claim against Defendants Roll, Glen, McKall, and Spain based on unsafe working conditions. The Court also finds, however, that Plaintiff has not asserted sufficient facts to make CDCR, Defendant Macomber, Defendant Matteson, or Defendant Felder liable under any cause of action due Eleventh Amendment immunity (as to Defendant CDCR) and lack of causation (as to Defendants Macomber, Matteson, and Felder).  Plaintiff's equal protection and medical care claims are also defective for the reasons discussed below.

### A.    **Eleventh Amendment Immunity**

The Eleventh Amendment bars suits against state agencies, including departments of prisons. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity). Here, Defendant CDCR is immune because it is a state agency, so no claim against

the Department can survive.  This defect is not subject to cure through amendment.

**B.      Causation**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id.  A supervisory defendant may also be liable where he or she knew of constitutional violations but failed to act to prevent them. See Taylor, 880 F.2d at 1045.

Plaintiff lists as defendants Jefferey Macomber, the secretary of CDCR, Gigi Matteson, the warden at California State Prison Solano, and Michael Felder, CEO State Prison Solano. Plaintiff alleges no facts suggesting that these individuals participated in or directed any action related to the relevant safety issues. Plaintiff merely claims these three, along with four other named defendants, knew of the dangerous conditions without any further explanation of actual knowledge. Thus, Plaintiff has failed to establish a causal link between these supervisory defendants and an alleged constitutional violation.

Similarly, as to private entities named in the complaint who allegedly performed some kind of remediation services, Plaintiff has not alleged facts to show how these entities, or their employees, participated in or caused the unsafe conditions about which Plaintiff complains. To the contrary, Plaintiff's allegations suggest that the very purpose of contracting with private entities was to remediate potential safety risks.

To the extent Plaintiff is able to allege additional facts to show how supervisory defendants and the named private entitles actually caused the harms about which Plaintiff complains, the Court will provide Plaintiff an opportunity to amend.

/ / /

/ / /

4

**C.** **Equal Protection**

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013)

The Court finds that Plaintiff does not state a cognizable Fourteenth Amendment Equal Protection claim because he does not allege membership in a protected class or discrimination based on that membership.  Plaintiff's allegations are focused on working without necessary personal protective equipment and offer no allegations as protected class status.  Again, the Court will provide Plaintiff an opportunity to allege additional facts to the extent he wishes to continue to pursue an Equal Protection claim.

**E.** **Inadequate Medical Care**

To prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "To establish a claim of inadequate medical care, a prisoner must first show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Edmo v. Corizon, Inc., 935 F.3d 757, 785 (9th Cir. 2019). The Court should consider whether a reasonable doctor would think that the condition is worthy of comment, whether the condition significantly affects the prisoner's daily activities, and whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

Plaintiff does not present a cognizable Eighth Amendment claim based on inadequate medical care because Plaintiff does not allege deliberate indifference to a serious medical need.  More specifically, Plaintiff does not identify any individual with any knowledge of Plaintiff's physical condition. Plaintiff will be provided an opportunity to amend to allege additional facts to support this claim.

///

///

5

### III.  CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  March 19, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6